Christian Contreras, Esq. (SBN 330269)
    *CC@Contreras-Law.com*
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Telephone: (323) 435-8000
Facsimile: (323) 597-0101

Attorney for Plaintiff,
KENNETH BREUNIG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BREUNIG, individually and as successor-in-interest to BRET BREUNIG,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF SAN BERNARDINO, a public entity; BREANA FITE, individually; LOMA LINDA UNIVERSITY MEDICAL CENTER, California a Nonprofit Corporation; DOE HEALTH CARE PROFESSIONALS, individuals, and DOES 1-10, individuals,<br><br>    Defendants. | **CASE NO.: 5:22-cv-02135**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Failure to Protect (42 USC § 1983)<br>2. Deprivation of Substantive Due Process – Interference with Familial Relations (42 USC § 1983)<br>3. Deprivation of Substantive Due Process – State Created Danger (42 USC § 1983)<br>4. Deprivation of Substantive Due Process – Special Relationship (42 USC § 1983)<br>5. Municipal Liability – Unconstitutional Custom and Practice (42 USC § 1983)<br>6. Municipal Liability – Failure to Train (42 USC § 1983)<br>7. Violation of EMTALA (42 USC § 1395dd)<br>8. California Health and Safety Code § 1317<br>9. Negligence<br>10. Bane Act (Civil Code §52.1)<br><br>**DEMAND FOR JURY TRIAL** |



1

**INTRODUCTION**

1.     This is a civil rights action seeking monetary relief against the COUNTY OF SAN BERNARDINO (hereinafter sometimes "COUNTY"), BREANA FITE, (hereinafter sometimes "FITE"), LOMA LINDA UNIVERSITY MEDICAL CENTER, (hereinafter sometimes "LOMA LINDA") and DOE HEALTH CARE PROFESSIONALS, for engaging in violations of the Fourteenth Amendment, maintaining unconstitutional customs and practices with respect to the San Bernardino Sheriff's Department (hereinafter sometimes "SBSD"), violations of violation of EMTALA, and state law claims.

2.     In committing such civil rights violations, Defendants directly caused the death of BRET BREUNIG on August 18, 2021 whereby BRET BREUNIG was left directly in harm's way and was struck by a train leaving BRET BREUNIG beheaded, dismembered, causing pre-death human suffering and causing his ultimate unfortunate death.

3.     Accordingly, by this Complaint, Plaintiff seeks judicial redress for violations of Plaintiff's and BRET BREUNIG's civil rights due to violations of the United States Constitution.

**JURISDICTION**

4.     Plaintiff's claims arise under 42 U.S.C. § 1983. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 2201.

5.     A substantial part of the events giving rise to the claims alleged in this Complaint arose in the County of San Bernardino, California. Venue therefore lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 84(c), 28 U.S.C. § 1391(b)(2).

**PARTIES**

6.     At all relevant times, Plaintiff, KENNETH BREUNIG (hereinafter "Plaintiff"), an individual and successor-in-interest of BRET BREUNIG,



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

deceased (hereinafter "Decedent"), is and was a resident of the County of San Bernardino, State of California. Plaintiff is the natural father of BRET BREUNIG. Plaintiff has the superior right to bring this lawsuit as an individual and as a successor-in-interest pursuant to California Code of Civil Procedure §§ 377.11, 377.30.

7.     Defendant COUNTY OF SAN BERNARDINO is a chartered subdivision of the State of California with the capacity to sue and be sued. Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the San Bernardino Sheriff's Department, and its agents and employees. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the SBSD and its employees and agents complied with the laws and the Constitution of the United States and of the State of California.

8.     Defendant BREANA FITE was and is a sheriff deputy with the San Bernardino Sheriff's Department, and she is sued in her individual and official capacity.

9.     Defendant LOMA LINDA UNIVERSITY MEDICAL CENTER is and was a nonprofit public benefit corporation organized and existing under the laws of the State of California.

10.     The true names of Defendants DOE HEALTH CARE PROFESSIONALS are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the DOE HEALTH CARE PROFESSIONALS are health-care professionals who are responsible in some manner for the conduct and liabilities alleged herein.



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

11.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES, and therefore sues these defendants by fictitious names. Plaintiff will give notice of their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that defendant DOES are responsible in some manner for the damages and injuries hereinafter complained of.

12.    Plaintiff is informed and believes and thereupon alleges that at all times relevant herein defendants, including DOE defendants, and each of them, were the agents, servants, couriers and employees of other defendants, and were acting in concert with each other and in furtherance of a common goal and/or objective, were acting within the course and scope of the agency and employment or ostensible agency and employment.

13.    The complained of acts and omissions were performed by persons within the course and scope of employment with their employer, COUNTY. All acts and omissions were under color of state law.

## **FACTUAL ALLEGATIONS**

14.    On August 18, 2021, BRET BREUNIG, 33 years old at the time, was in serious and obvious medical distress due to a number of medical conditions. Indeed, a month prior, on July 1, 2021, BRET BREUNIG was admitted to LOMA LINDA for an injury due to BRET BREUNIG falling down approximately 15 feet in a standing position while he was trimming a tree. BRET BREUNIG underwent surgery to treat injuries to his lower extremities. BRET BREUNIG was discharged from LOMA LINDA on July 10, 2021 but BRET BREUNIG still had a long road to recovery.

15.    Thereafter, upon information and belief, on August 18, 2021, BRET BREUNIG presented to LOMA LINDA and to DOE HEALTH CARE PROFESSIONALS seeking emergency medical treatment.

16.    Upon information and belief, BRET BREUNIG was then suffering



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  from an acute emergency medical condition requiring emergency medical

2  care, including but not limited to an infection impacting his left foot and leg.

3      17.   Upon information and belief, BRET BREUNIG was unable to

4  adequately ambulate due to the infection, as well as due to the prior surgery

5  in July from which BRET BREUNIG had not yet recovered.

6      18.   When BRET BREUNIG presented to LOMA LINDA and to DOE

7  HEALTH CARE PROFESSIONALS seeking additional emergency medical

8  treatment, BRET BREUNIG was a in hospital gown, in possession of a white

9  blanket, did not have shoes, and did not have personal effects with him.

10  Clearly, BRET BREUNIG was in distress and in need of emergency medical

11  treatment.

12      19.   Upon information and belief, when BRET BREUNIG presented

13  to LOMA LINDA on August 18, 2021, BRET BREUNIG did not receive an

14  appropriate medical screening evaluation under the Emergency Medical

15  Treatment and Active Labor Act (hereinafter "EMTALA") or other statutory

16  law, in that it, among other things:

17          A. LOMA LINDA's medical screening of BRET BREUNIG was not

18             calculated to determine whether BRET BREUNIG had an

19             emergency medical condition;

20          B. LOMA LINDA's medical screening of BRET BREUNIG was not

21             calculated to identify critical medical condition(s);

22          C. LOMA LINDA did not provide BRET BREUNIG the same level

23             of screening to other substantially similar patients received,

24          D. LOMA LINDA's medical screening of BRET BREUNIG did not

25             LOMA   LINDA's   internal   procedures   for   a   screening

26             examination;

27          E. LOMA LINDA's medical screening of BRET BREUNIG did not

28             afford BRET BREUNIG the processes and remedies that were



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    within the emergency room's capabilities; and

2    F.    LOMA LINDA did not institute treatment of BRET BREUNIG
3    when it was apparent that BRET BREUNIG suffered from
4    emergency medical condition.

5    20.    Subsequently, upon information and belief, on or about 11:37

6    a.m. on August 18, 2021, Defendants FITE and Does 1-10, inclusive, arrived

7    at LOMA LINDA and forcibly removed BRET BREUNIG from the premises.

8    21.    When Defendants FITE and Does 1-10, inclusive made contact

9    with BRET BREUNIG at LOMA LINDA, he was in a hospital gown, did not

10    haves shoes, he was visibly in need of medical attention, could not take care

11    of himself, and was a danger to his own safety and to the safety of others.

12    22.    Additionally, law enforcement officers had made contact with

13    BRET BREUNIG on multiple occasions in the several days prior to August

14    18, 2021 and were thus aware of the fact that BRET BREUNIG posed a danger

15    to himself or others by virtue of this prior contact.

16    23.    At or about that same time, Defendants FITE and Does 1-10,

17    inclusive detained or arrested BRET BREUNIG. After Defendants FITE and

18    Does 1-10, inclusive took BRET BREUNIG into custody, BRET BREUNIG

19    was placed in a SBSD patrol vehicle and drove away.

20    24.    At the point in time when BRET BREUNIG was in custody,

21    Defendants FITE and Does 1-10, inclusive had custodial duties which

22    required them to take BRET BREUNIG to the station for booking and to

23    maintain BRET BREUNIG in custody there until he was no longer a danger

24    to his own safety and the safety of others, and/or required them to take BRET

25    BREUNIG to an appropriate medical facility for medical attention.

26    25.    Instead of fulfilling their duties, Defendants FITE and Does 1-10,

27    dropped BRET BREUNIG off at or near the train crossing at or near the

28    intersection of Alessandro Road and San Timoteo Canyon Road in Redlands,



6

California when he was still visibly unable to care for himself.

26.    Indeed, BRET BREUNIG was in such delicate medical state and in a position where he was a danger to his own safety and the safety of others, that BRET BREUNIG did not want to exit the patrol vehicle. Despite BRET BREUNIG not wanting to exit the patrol vehicle, Defendants FITE physically and forcefully removed BRET BREUNIG from the patrol vehicle.

27.    In fact, just prior to BRET BREUNIG being struck by the train, a pair of witnesses who were in their vehicle and driving northbound on Alessandro Road behind the SBSD patrol vehicle, saw the patrol vehicle pull to towards the right shoulder. The pair of witnesses saw Defendant FITE exit the driver's side of the patrol vehicle, walked to the right rear passenger side and forcefully removed BRET BREUNIG from the patrol vehicle. At about the same time, the witnesses passed the patrol vehicle and continue northbound on Alessandro Road where they came to a stop at about the limit line before the railroad crossing. The witnesses had to come to a stop because of the passing train and the railroad crossing arms were down.

28.    Consequently, when Defendants FITE and Does 1-10, inclusive, physically removed BRET BREUNIG from the patrol vehicle and dropped him off in an area, there are no public services available in and around this area and the only landmark near the area was a railroad where trains frequented. Furthermore, there are no hospitals and/or medical providers in and around this area.

29.    Defendants FITE and Does 1-10, inclusive, dropped BRET BREUNIG off at or near the train crossing when a train was approaching or in the process of traversing the train crossing.

30.    Upon information and belief, almost immediately thereafter, BRET BREUNIG, while being in a state unable to take care of himself, was placed on the railroad where a train was crossing which ultimately struck



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    BRET BREUNIG, ultimately leading to BRET BREUNIG's death.

2        31.    When Defendants FITE and Does 1-10, inclusive, dropped BRET

3    BREUNIG off at or near the railroad, Defendants FITE, and Does 1-10,

4    inclusive knew that BRET BREUNIG was a danger to his own safety and the

5    safety of others, knew that BRET BREUNIG must be kept in custody until he

6    was no longer a danger, or transferred to an appropriate medical facility, and

7    knew that BRET BREUNIG would face great bodily harm and death if BRET

8    BREUNIG was not so treated.

9        32.    Yet in reckless disregard of that knowledge, Defendants FITE and

10   Does 1-10, inclusive, released BRET BREUNIG even though a reasonable

11   officer in their positions would have appreciated the high degree of risk and

12   harm involved. Defendants FITE and Does 1-10, inclusive, were deliberately

13   indifferent to the substantial risk of harm that BRET BREUNIG faced.

14       33.    The aforementioned incident caused BRET BREUNIG's death

15   and caused him to suffer pre-death pain and suffering and loss of life, and

16   Plaintiff to suffer damages, all to be proven at the time of trial.

17                    **FIRST CLAIM FOR RELIEF**

18                     **FAILURE TO PROTECT**

19                      **(42 USC § 1983)**

20      **(Plaintiff Against FITE and Does 1-10, inclusive)**

21       34.    Plaintiff re-alleges and incorporates by reference each of the

22   forgoing paragraphs with the same force and effect as if fully set forth herein.

23       35.    On August 18, 2021, Defendant FITE, while acting under color of

24   law, failed to protect BRET BREUNIG and such failure to protect caused

25   BRET BREUNIG's death.

26       36.    The actions and inactions of Defendants FITE and Does 1-10,

27   inclusive, as described above, deprived BRET BREUNIG of the following

28   clearly established rights under the United States Constitution, including, but



not limited to:

    A. The right to be protected while in custody as secured by the Fourth and Fourteenth Amendments;

    B. The right to be free from unlawful, reckless, deliberately indifferent, and conscience shocking failure to provide safe conditions of confinement as secured by the Fourteenth Amendment, and the right to procedural; and

    C. Substantive due process as secured by the Fourteenth Amendment.

37. During all times mentioned herein, Defendants FITE and Does 1-10, inclusive, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of their principals, Defendant COUNTY. Each of the individual Defendants named herein, separately and in concert, deprived BRET BREUNIG of the rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, and by the laws of the United States.

38. Clearly, when Defendants FITE and Does 1-10, inclusive, dropped BRET BREUNIG off at or near the railroad, Defendants FITE, and Does 1-10, inclusive knew that BRET BREUNIG was a danger to his own safety and the safety of others, knew that BRET BREUNIG must be kept in custody until he was no longer a danger, or transferred to an appropriate medical facility, and knew that BRET BREUNIG would face great bodily harm and death if BRET BREUNIG was not so treated. However, upon information and belief, Defendants FITE and Does 1-10, inclusive, with the knowledge that BRET BREUNIG would be struck by a passing train, forcefully removed BRET BREUNIG from the patrol vehicle and placed BRET BREUNIG directly in danger.



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

39.    The actions of Defendants FITE and Does 1-10, inclusive, deprived BRET BREUNIG of his right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

40.    As a result of the conduct of Does 1-10, inclusive, and each of them, are liable for BRET BREUNIG's harm and death, either because they were integral participants in the violations described herein, or because they failed to intervene to prevent these violations. Defendants' actions and/or omissions were the direct and proximal cause of BRET BREUNIG's damages and death.

41.    As a direct and proximate result of the death of BRET BREUNIG by the above-described conduct of Defendants FITE, DOES 1-10, inclusive, BRET BREUNIG sustained general damages, including pre-death pain and suffering, and loss of enjoyment of life and other hedonic damages in an amount according to proof at trial.

42.    The conduct of Defendants FITE and Does 1-10, inclusive, was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of BRET BREUNIG, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

43.    Accordingly, Defendants FITE and Does 1-10, inclusive, are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF

### DUE PROCESS—INTERFERENCE WITH FAMILIAL RELATIONSHIP

### (42 USC § 1983)

### (Plaintiff Against FITE and Does 1-10, inclusive)

44.    Plaintiff re-alleges and incorporates by reference each of the forgoing paragraphs with the same force and effect as if fully set forth herein.

45.    This claim arises under 42 U.S.C. § 1983 and the United States



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    Constitution, the laws of the State of California, and common law principles

2    to redress a deprivation under color of state law of rights, privileges and

3    immunities secured to Plaintiff by said statutes, and by the Fourteenth

4    Amendment of the United States Constitution Due Process Clause.

5        46.    KENNETH BREUNIG, as a parent and the father of BRET

6    BREUNIG possess a constitutionally protected liberty interest in

7    companionship and society with BRET BREUNIG.

8        47.    Defendants FITE and Does 1-10, inclusive, and each of their,

9    actions and inactions deprived Plaintiff KENNETH BREUNIG of both

10   procedural due process and substantive due process as guaranteed to the

11   Plaintiff under the Fourteenth Amendment of the United States Constitution

12   when Defendants FITE and Does 1-10, inclusive, engaged in conduct which

13   proximately caused BRET BREUNIG's death.

14       48.    The actions and inactions of Defendants FITE, and Does 1-10,

15   inclusive, did not further any legitimate state interest and were oppressive

16   and shock the conscience under the Fourteenth Amendment's Due Process

17   Clause and were done with deliberate indifference to KENNETH

18   BREUNIG's right to be free from state actions.

19       49.    The actions of Defendants FITE, and Does 1-10, inclusive, and

20   each of them, deprived Plaintiff of his right to be free from state actions that

21   shock the conscience under the Fourteenth Amendment's Due Process

22   Clause and done with either a purpose to harm or with deliberate

23   indifference to the rights of BRET BREUNIG.

24       50.    As a result of the conduct of Defendants Does 1-10, inclusive, and

25   each of them, they are liable for BRET BREUNIG's harm and death, either

26   because they were integral participants in the violations described herein, or

27   because they failed to intervene to prevent these violations. Defendants'

28   actions and/or omissions were the direct and proximal cause of Decedent's



death and Plaintiff's damages.

51.    As a direct and proximate result of the death of BRET BREUNIG by the above-described conduct of Defendants FITE and Does 1-10, inclusive, Plaintiff has sustained substantial non-economic damages of pain and suffering and emotional distress resulting from the loss of the love, companionship, comfort, affection, society, attention, services, and moral support damages of this BRET BREUNIG in an amount according to proof at trial.

52.    The conduct of Defendants FITE and Does 1-10, inclusive, was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of BRET BREUNIG, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

53.    Accordingly, Defendants FITE and Does 1-10, inclusive, are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

## THIRD CLAIM FOR RELIEF

### DUE PROCESS—STATE CREATED DANGER

### (42 USC § 1983)

### (Plaintiff Against FITE and Does 1-10, inclusive)

54.    Plaintiff re-alleges and incorporates by reference each of the forgoing paragraphs with the same force and effect as if fully set forth herein.

55.    This claim arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California, and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to BRET BREUNIG and to Plaintiff by said statutes, and by the Fourteenth Amendment of the United States Constitution Due Process Clause.

56.    The actions of Defendants FITE and Does 1-10, inclusive, placed



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

BRET BREUNIG in an actual, particularized danger by creating and exposing BRET BREUNIG to the danger as alleged herein which BRET BREUNIG would not have faced but for Defendants' actions.

57.     Defendants FITE's, and Does 1-10's, inclusive, acts and omissions, were committed with deliberate indifference. Indeed, Defendants acted with deliberate indifference to the known and obvious danger to Decedent's health and safety.

58.     As a result of the conduct of Defendants FITE and Does 1-10, inclusive, and each of them, they are liable for BRET BREUNIG's harm and death, either because they were integral participants in the violations described herein, or because they failed to intervene to prevent these violations. Defendants' actions and/or omissions were the direct and proximal cause of Decedent's death and Plaintiff's damages.

59.     As a direct and proximate result of the death of Decedent by the above-described conduct of BRET BREUNIG, the BRET BREUNIG sustained general damages, including pre-death pain and suffering, and loss of enjoyment of life and other hedonic damages in an amount according to proof at trial, and Plaintiff has sustained substantial non-economic damages of pain and suffering and emotional distress resulting from the loss of the love, companionship, comfort, affection, society, attention, services, and moral support damages of this Decedent in an amount according to proof at trial.

60.     The conduct of Defendants FITE and Does 1-10, inclusive, was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of BRET BREUNIG, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

61.     Accordingly, Defendants FITE and Does 1-10, inclusive, are liable



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

## FOURTH CLAIM FOR RELIEF

### DUE PROCESS—SPECIAL RELATIONSHIP

### (42 USC § 1983)

### (Against FITE, and DOES 1-10, inclusive)

62.     Plaintiff re-alleges and incorporates by reference each of the forgoing paragraphs with the same force and effect as if fully set forth herein.

63.     This claim arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California, and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to BRET BREUNIG and to Plaintiff by said statutes, and by the Fourteenth Amendment of the United States Constitution Due Process Clause.

64.     Defendants FITE and Does 1-10, inclusive entered into a special relationship with BRET BREUNIG by taking him into custody on August 18, 2021.

65.     Defendants FITE and Does 1-10, inclusive, failed to provide BRET BREUNIG with adequate medical care while in their custody.

66.     The acts and omissions of Defendants FITE and Does 1-10, inclusive were done with deliberate indifference to the known and obvious danger to BRET BREUNIG's health and safety.

67.     As a result of the conduct of Defendants FITE and Does 1-10, inclusive, Defendants FITE and Does 1-10, inclusive are liable for BRET BREUNIG's harm and death, either because they were integral participants in the violations described herein, or because they failed to intervene to prevent these violations. Defendants' actions and/or omissions were the direct and proximal cause of BRET BREUNIG's death and Plaintiff's damages.



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

68.     As a direct and proximate result of the death of Decedent by the above-described conduct of Defendants FITE, DOES 1-10, inclusive,, the BRET BREUNIG sustained general damages, including pre-death pain and suffering, and loss of enjoyment of life and other hedonic damages in an amount according to proof at trial, and Plaintiff has sustained substantial non-economic damages of pain and suffering and emotional distress resulting from the loss of the love, companionship, comfort, affection, society, attention, services, and moral support damages of this Decedent in an amount according to proof at trial.

69.     The conduct of Defendants FITE and Does 1-10, inclusive, was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of BRET BREUNIG, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

70.     Accordingly, Defendants FITE and Does 1-10, inclusive, are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

## FIFTH CLAIM FOR RELIEF

## MUNICIPAL LIABILITY – UNCONSTITUTIONAL CUSTOM AND PRACTICE

## (42 USC § 1983)

## (Plaintiff Against Defendants COUNTY)

71.     Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

72.     The present cause of action is brought under 42 U.S.C. § 1983, *Monell v. Dept. of Social Services*, and all other relevant case law and precedent, under which Defendant COUNTY is liable by way of the policies, customs, or directives that were substantial moving forces behind Plaintiff's



1  constitutional violations.

2      73.    At all relevant times, Defendant FITE was acting in the course of

3  her employment with the Defendant COUNTY, under color of law. The

4  actions and omissions of Defendant FITE deprived BRET BREUNIG of

5  particular rights guaranteed under the laws and Constitutions of the United

6  States and California, as set forth in the relevant, prior claims for relief.

7      74.    Defendant COUNTY was and at all times herein mentioned has

8  been a public entity and incorporated municipality duly authorized and

9  existing as such in and under the laws of the State of California. Defendant

10  COUNTY, and its sheriff's department, possessed the power and authority

11  to adopt policies and prescribe rules, regulations and practices affecting the

12  operation of the COUNTY and its tactics, methods, practices, customs and

13  usages related to internal investigations, personnel supervision and records

14  maintenance and the proper application of their powers of arrest by its rank

15  and file, generally.

16      75.    At all times herein mentioned, Defendants FITE, DOES 1-10, and

17  each of them, were employees of the COUNTY acting under the COUNTY's

18  direction and control, who knowingly and intentionally promulgated,

19  maintained, applied, enforced and suffered the continuation of policies,

20  customs, practices and usages in violation of the Fourth and Fourteenth

21  Amendments respectively to the United States Constitution, which customs,

22  policies, practices and usages at all times herein mentioned encouraged the

23  employment, deployment and retention of persons as peace officers who

24  have a propensity for failing to protect citizens in custody, failing to provide

25  safe conditions of confinement, dishonesty, cover-up, bias, and numerous

26  other serious abuses of their duties as peace officers in the employment of the

27  COUNTY.

28      76.    On and for some time prior to August 18, 2021 (and continuing



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

to the present date), Defendants COUNTY and DOES 1-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    A. Allowing deputies to give members of the public "courtesy rides" in the back of their patrol cars.

    B. On information and belief, this policy is not written, but is taught by "word-of-mouth" from one deputy to another via their field training officer.

    C. On information and belief, Defendant COUNTY is aware of, and allows, its Deputies to use the "courtesy ride" policy to transport persons who are disabled, mentally incompetent, having a mental health crisis, under the influence of controlled substances, or otherwise unable to take care of themselves or present a danger to themselves or others, to locations other than a hospital or COUNTY facility.

    D. On information and belief, the COUNTY is aware of, and allows, its Deputies to transport such persons to unsuitable locations which by their nature pose a danger to such persons, and which increase the risk of danger to themselves or others.

    E. Additionally, such use of the "courtesy ride" policy fails to provide such detainees with adequate medical care or safe conditions of confinement, in violation of the United States Constitution.

    F. A county-wide policy of falsifying computer aided dispatch documents and other reports to conceal how COUNTY deputies truly use the "courtesy ride" policy and hide the existence of such

**PLAINTIFF'S COMPLAINT FOR DAMAGES**



practice from members of the public. On information and belief, this policy is not written, but is taught by "word-of-mouth" from one deputy to another via their field training officer.

77. This use of the "courtesy ride" policy, which is known to Defendant COUNTY, and who thereby ratifies and approves of such policy, has actually led to the death and injury of others by virtue of the fact that impaired persons have been transported to an unsuitable location which has resulted in that person's ultimate injury and/or death, or have been denied adequate medical care.

78. Moreover, by virtue of the foregoing policies, deputies routinely make entries into computer aided dispatch logs and other reports indicating that a person has been "dropped off" at a hospital or mental health facility when in fact that person has not been "dropped off" at that location. In fact, such persons are instead "dropped" off at unsuitable and dangerous locations such as in the instance of the subject incident.

79. In this case, Defendant FITE indicated in official records that Decedent had been "dropped off" at Redlands Community Hospital when in fact he was "dropped off" at or near the intersection of Alessandro Road and San Timoteo Canyon Road in Redlands, California.

80. Furthermore, on information and belief, the falsifying of records associated with "courtesy rides" is actually known to Defendant COUNTY, and who thereby ratifies and approves of such policy. On information and belief, Defendant COUNTY has done nothing to amend, revoke, or otherwise change this policy, and has moreover failed to adequately supervise, investigate, or discipline Deputies who have falsified official records pertaining to their use of the "courtesy ride" policy, thereby failing to curb such untruthful reporting practices.

81. Defendant COUNTY has a custom and policy of failing to

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  adequately investigate instances in which Deputies have falsified official
2  reports to obfuscate their use of the "courtesy ride" policy, and further has a
3  custom and policy of failing to adequately discipline such persons.
4  Furthermore, Defendant COUNTY fosters a system of abuse in which it
5  encourages Deputies to not report improper conduct by their fellow officers,
6  and encourages a system of silence in which Deputies do not come forward
7  with evidence of such abuse.

8      82.   By reason of the policies and practices of Defendants COUNTY,
9  and DOES 6-10, BRET BREUNIG was injured and ultimately, died due
10  COUNTY's policies and procedures. These policies and practices were a
11  substantial moving force that caused FITE to violate the rights of BRET
12  BREUNIG, as well as the moving force behind his death.

13     83.   Furthermore, as a non-exclusive example, on or about July 1,
14  2019, deputies employed by Defendant COUNTY, while acting within the
15  course and scope of their employment, arrested Clifton Pleasant, Sr., after
16  receiving reports that Mr. Pleasant was acting strangely, was disturbing the
17  peace, and was likely under the influence of heavy drugs. Rather than take
18  Mr. Pleasant to a COUNTY facility or to a hospital, deputies provided him a
19  "courtesy ride" and deposited him on public street, near a low-budget motel
20  and a freeway on-ramp. Deputies did not stay to ensure that Mr. Pleasant
21  was able to access any services at that location or provide him with adequate
22  medical care. And, Mr. Pleasant later died after being hit by a car on the
23  freeway.

24     84.   On information and belief, Defendants FITE, and DOES 1-10,
25  inclusive, were transporting BRET BREUNIG, and forcibly removed BRET
26  BREUNIG from the patrol vehicle at or near the train crossing at or near the
27  intersection of Alessandro Road and San Timoteo Canyon Road in Redlands,
28  California, pursuant to the "courtesy ride" policy.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**



85.     On information and belief, COUNTY is actually aware that its Deputies' use of the "courtesy ride" policy has led to the injury or death of multiple individuals, yet Defendant COUNTY has done nothing to amend, revoke, or otherwise change the "courtesy ride" policy, and has moreover failed to adequately supervise, investigate, or discipline Deputies who have injured or killed persons by virtue of an unsafe or improper use of the "courtesy ride" policy, thereby failing to curb its improper use.

86.     Finally, on and for some time prior to August 18, 2021 (and continuing to the present date), Defendants COUNTY, deprived Decedent and Plaintiff of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Decedent and Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized COUNTY custom, policy, and practice of, or ratified, directed, encouraged, and/or allowed the following:

A. Defendants COUNTY had knowledge, prior to and since this incident, of repeated allegations of misconduct toward detainees and arrestees; specifically, COUNTY knew Defendants FITE had in the past and since Decedent's incident, committed similar acts of failing to protect citizens in custody, failing to provide safe conditions of confinement, falsifying reports, suppressing evidence, and dishonesty, thereby enabling Defendants to continue to violate the constitutional rights of the Decedent and Plaintiff in 2021 and thereafter;

B. Defendants COUNTY had knowledge, prior to and since this


**PLAINTIFF'S COMPLAINT FOR DAMAGES**

incident, of similar allegations of failing to protect citizens in custody, failing to provide safe conditions of confinement, falsifying reports, suppressing evidence, and dishonesty by Defendants, and refused to enforce established administrative procedures to insure the rights of detainees and arrestees;

C. Defendants COUNTY refused to adequately discipline individual officers and employees found to have committed similar acts of failing to protect citizens in custody, failing to provide safe conditions of confinement, and misconduct;

D. Defendants COUNTY refused to competently and impartially investigate allegations of failing to protect citizens in custody, failing to provide safe conditions of confinement, and misconduct alleged to have been committed by Department employees;

E. Defendants COUNTY reprimanded, threatened, intimidated, demoted and fired officers who courageously reported unlawful acts by other officers;

F. Defendants COUNTY covered up acts of misconduct and abuse by COUNTY officers and sanctioned a code of silence by and among officers and management;

G. Defendants COUNTY knew of and sanctioned the custom and practice of failing to protect citizens in custody, failing to provide safe conditions of confinement, and misconduct;

H. Defendants COUNTY failed to adequately supervise the actions of officers under their control and guidance;

I. Defendants COUNTY historically condone and encourage systemic conspiracy of silence among its employees for the purpose of concealing and further wrongful and illegal conduct

**PLAINTIFF'S COMPLAINT FOR DAMAGES**



by its employees; and,

J.   Defendants COUNTY fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by August 18, 2021, and thereafter, represented the unconstitutional policies practices and customs of the COUNTY.

87.   By reason and pursuant to the aforesaid policies, practices, customs, and usages of Defendants COUNTY, the Decedent sustained general damages, including pre-death pain and suffering, and loss of enjoyment of life and other hedonic damages in an amount according to proof at trial, and Plaintiff has sustained substantial non-economic damages of pain and suffering and emotional distress resulting from the loss of the love, companionship, comfort, affection, society, attention, services, and moral support damages of this Decedent in an amount according to proof at trial.

88.   Defendants COUNTY, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent and Plaintiff, and other individuals similarly situated.

89.   By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY acted with an intentional, reckless, and callous disregard for the well-being of Decedent and Plaintiff and their constitutional as well as human rights. Defendants COUNTY and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    unconscionable to any person of normal sensibilities.

2        90.    Furthermore, the policies, practices, and customs implemented

3    and maintained and still tolerated by Defendants COUNTY were

4    affirmatively linked to and were a significantly influential force and moving

5    force behind Decedent's death and Plaintiff's damages.

6        91.    By reason of the aforesaid policies, customs, practices and usages,

7    Decedent's Fourth and Fourteenth Amendments to the United States

8    Constitution were violated along with Plaintiff's Fourteenth Amendment

9    rights. Said customs, policies, practices and usages at all times herein

10   mentioned violated constitutional rights including those of Decedent and

11   Plaintiff.

12       92.    Accordingly, Defendant COUNTY are liable to Plaintiff for

13   compensatory damages under 42 U.S.C. § 1983.

14                        **SIXTH CLAIM FOR RELIEF**

15               **MUNICIPAL LIABILITY – FAILURE TO TRAIN**

16                            **(42 U.S.C. § 1983)**

17                 **(Plaintiff Against Defendants COUNTY)**

18       93.    Plaintiff incorporates by reference each of the foregoing

19   paragraphs of this Complaint with the same force and effect as if fully set

20   forth herein.

21       94.    The present cause of action is brought under 42 U.S.C. § 1983,

22   *Monell v. Dept. of Social Services*, and all other relevant case law and precedent,

23   under which Defendant COUNTY is liable by way of the policies, customs,

24   or directives that were substantial moving forces behind Plaintiff's

25   constitutional violations.

26       95.    Plaintiff BRET BREUNIG claims that she was deprived of his civil

27   rights as a result of the Defendant COUNTY's failure to train its employees,

28   including Defendant FITE.



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

96.    At all relevant times, Defendant FITE was acting in the course of her employment with the Defendant COUNTY, under color of law. The actions and omissions of FITE deprived BRET BREUNIG of particular rights guaranteed under the laws and Constitutions of the United States and California, as set forth in the relevant, earlier causes of action.

97.    The COUNTY's training of Defendant FITE did not adequately instill the necessary discipline, restraint, and respect for civil rights required of enforcement personnel, especially in light of the COUNTY's decision to continue to employ FITE despite her failure to lawfully execute her duties as a sheriff deputy.

98.    More particularly, Defendant COUNTY failed to provide adequate training to Defendant FITE and other deputies within the department in the following regards:

      A. Providing members of the public "courtesy rides" in the back of their patrol cars.

      B. Providing members "courtesy rides" to transport persons who are disabled, mentally incompetent, having a mental health crisis, under the influence of controlled substances, or otherwise unable to take care of themselves or present a danger to themselves or others, to locations other than a hospital or COUNTY facility.

      C. Providing members "courtesy rides" to unsuitable locations which by their nature pose a danger to such persons, and which increase the risk of danger to themselves or others.

      D. Providing members "courtesy rides" to causing inadequate medical care or safe conditions of confinement, in violation of the United States Constitution.

      E. Proper input of information in computer aided dispatch documents causing falsification of computer aided dispatch



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    documents and other reports permitting deputies to conceal how

2    COUNTY deputies truly use the "courtesy ride" policy and hide

3    the existence of such practice from members of the public.

4    99.    This failure of the COUNTY to provide adequate training caused

5    the multiple violations of BRET BREUNIG's constitutional rights by the

6    Defendant FITE; that is, the COUNTY's failure to train is so closely related to

7    the deprivation of BRET BREUNIG's rights as to be the moving force that

8    caused his ultimate injuries.

9    100.    Clearly, Defendant COUNTY was deliberately indifferent to the

10   obvious consequences of its failure to train its deputies adequately.

11   101.    Accordingly, the Defendant COUNTY is liable for the rights

12   violations perpetrated by its employees, agents, representatives, or officers,

13   including Defendant FITE, on account of the unacceptable failures in their

14   training that precipitated the various harms set forth in all other relevant

15   causes of action brought under 42 U.S.C. § 1983 herein.

16                    **SEVENTH CLAIM FOR RELIEF**

17                    **VIOLATION OF EMTALA**

18                    **(42 USC § 1395dd)**

19   **(Plaintiff Against Defendants LOMA LINDA UNIVERSITY MEDICAL**

20        **CENTER and DOE HEALTH CARE PROFESSIONALS)**

21   102.    Plaintiff incorporates by reference each of the foregoing

22   paragraphs of this Complaint with the same force and effect as if fully set

23   forth herein.

24   103.    Upon information and belief, Defendant LOMA LINDA is

25   licensed by the State of California to provide emergency room services. The

26   hospital holds itself out to the public as providing emergency services. As

27   such, Defendant LOMA LINDA is a participating hospital covered by

28   EMTALA.



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**Failure to Screen**

104. Under EMTALA's statutory and regulatory provisions, Defendant LOMA LINDA had a duty to provide an appropriate emergency screening examination to all patients who come into its emergency room seeking examination or treatment, without regard to their ability to pay for emergency medical services or any other factor.

105. Specifically, EMTALA provides, in 42 U.S.C. § 1395dd(a):

> "[i]n the case of a hospital that has a hospital emergency department, if any individual (whether or not eligible for benefits under this subchapter) comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department…to determine whether or not an emergency medical condition…exists"

106. Upon information and belief, Defendant LOMA LINDA and DOE HEALTH CARE PROFESSIONALS failed to provide BRET BREUNIG with an appropriate emergency screening examination on August 18, 2021. Rather, Defendants LOMA LINDA and DOE HEALTH CARE PROFESSIONALS wrongfully had BRET BREUNIG forcefully removed from their property prior to him receiving any appropriate medical screening examination, despite the fact that Defendant LOMA LINDA and DOE HEALTH CARE PROFESSIONALS were or should have been aware of Decedent's need for emergent treatment.

**Disparate Treatment**

107. Upon information and belief, BRET BREUNIG did not receive any appropriate medical screening examination prior to being forcibly removed from LOMA LINDA's premises. Upon information and belief,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**



Decedent received materially different treatment than other individuals presenting with the same or similar condition(s), in that like individuals received appropriate medical screening examinations and Decedent did not.

108. Upon information and belief, LOMA LINDA has standardized policies and procedures, and screening protocols, which govern the medical screening examination to be provided to persons who present to the emergency department in the same or similar condition as Decedent. On information and belief, Defendant LOMA LINDA did not follow its own screening protocol, policy and/or procedure with respect to BRET BREUNIG. Specifically, Plaintiff is informed and believes that Defendant LOMA LINDA and DOE HEALTH CARE PROFESSIONALS failed to provide BRET BREUNIG the medical screening examination called for under Defendant's own policies and procedures.

109. As a direct and proximate result of the death of BRET BREUNIG by the above-described conduct of Defendants LOMA LINDA and DOE HEALTH CARE PROFESSIONALS, Plaintiff has sustained substantial economic damages and non-economic damages of pain and suffering resulting from the loss of the love, companionship, comfort, affection, society, attention, services, moral support, and wrongful death damages of this BRET BREUNIG in an amount according to proof at trial.

110. As a direct and proximate result of the death of BRET BREUNIG by the above-described conduct of Defendant LOMA LINDA and DOE HEALTH CARE PROFESSIONALS, the BRET BREUNIG sustained economic damages and general damages, including pre-death pain and suffering, and loss of enjoyment of life and other hedonic damages in an amount according to proof at trial.

///

///



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**EIGHTH CLAIM FOR RELIEF**

**CALIFORNIA HEALTH AND SAFETY CODE § 1317**

**(Against Defendant LOMA LINDA UNIVERSITY MEDICAL CENTER and DOE HEALTH CARE PROFESSIONALS)**

111. Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

112. Defendant LOMA LINDA is licensed by the State of California to provide emergency room services. The hospital holds itself out to the public as providing emergency services. As such, it is subject to the requirements of California Health and Safety Code § 1317.

113. Under the statutory and regulatory provisions under California Health and Safety Code § 1317, et seq., ("section 1317") Defendants LOMA LINDA and DOE HEALTH CARE PROFESSIONALS had a duty to provide an appropriate emergency screening examination to all patients who come into its emergency room seeking examination or treatment, without regard for their ability to pay or any other factor. Specifically, section 1317 states, in pertinent part:

    A. Emergency services and care shall be provided to any person requesting the services or care, or for whom services or care is requested, for any condition in which the person is in danger of loss of life, or serious injury or illness, at any health facility licensed under this chapter that maintains and operates an emergency department to provide emergency services to the public when the health facility has appropriate facilities and qualified personnel available to provide the services or care.

    B. In no event shall the provision of emergency services and care be based upon, or affected by, the person's ethnicity, citizenship,



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

age, preexisting medical condition, insurance status, economic status, ability to pay for medical services, or any other characteristic listed or defined in subdivision (b) or (e) of Section 51 of the Civil Code, except to the extent that a circumstance such as age, sex, preexisting medical condition, or physical or mental disability is medically significant to the provision of appropriate medical care to the patient.

114. Defendants LOMA LINDA and DOE HEALTH CARE PROFESSIONALS failed to provide BRET BREUNIG with an appropriate emergency screening examination. Rather, Defendants LOMA LINDA and DOE HEALTH CARE PROFESSIONALS wrongfully forcefully removed BRET BREUNIG from the hospital prior to him receiving any appropriate medical screening examination, despite the fact that Defendants LOMA LINDA and DOE HEALTH CARE PROFESSIONALS were actually aware of BRET BREUNIG's need for emergent treatment.

115. As a direct and proximate result of the death of BRET BREUNIG by the above-described conduct of Defendants LOMA LINDA and DOE HEALTH CARE PROFESSIONALS, Plaintiff and BRET BREUNIG sustained substantial economic damages and noneconomic damages of pain and suffering, pre-death pain and suffering, and loss of enjoyment of life and other hedonic damages resulting from Defendants' wrongful conduct. Plaintiff seeks damages only to Defendants' pre-911 call conduct in an amount according to proof at trial.

## <u>NINTH CLAIM FOR RELIEF</u>

### NEGLIGENCE

### (Plaintiff Against all Defendants)

116. Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set



1  forth herein.

2  117. By virtue of the foregoing, Defendants FITE, DOES 1-10,

3  COUNTY, LOMA LINDA and DOE HEALTH CARE PROFESSIONALS and

4  each of them, owed BRET BREUNIG a duty of due care, and that duty was

5  breached by said Defendants' negligence and failure to exercise due care in

6  dealing with, detaining, arresting, failing to protect BRET BREUNIG while in

7  custody, failing to provide safe conditions of confinement for BRET

8  BREUNIG, and failing to meet their statutory obligations with respect to

9  BRET BREUNIG.

10  118.  Defendants COUNTY and LOMA LINDA possessed the power

11  and authority to hire and fire employees and based upon information and

12  belief and negligently hired Defendants FITE, DOES 1-10, and DOE

13  HEALTH CARE PROFESSIONALS, and each of them, and entrusted them

14  with the following duties: protect citizens during detainment and arrests,

15  protect detainees and arrestees in custody, provide safe conditions of

16  confinement of detainees and arrestees, provide adequate and statutorily

17  compliant medical screening examinations.

18  119. By virtue of the foregoing, Defendants COUNTY and LOMA

19  LINDA owed BRET BREUNIG a duty of due care, and that duty was

20  breached by said Defendants' negligent and careless manner in hiring,

21  training, supervising, and retaining by, among other things:

22      A.    Failing to adequately train its officers in the detention, arrest, and

23            custody of citizens;

24      B.    Failing to adequately train its officers to protect citizens in

25            custody and to provide safe conditions of confinement for

26            citizens in custody;

27      C.    Failing to adequately investigate background, training and

28            experience as a officer and his propensity for disobedience;



30

D. Failing to provide adequate supervisory control over the actions of its officers in regard to adequate training, supervision, equipment, planning, oversight, and administration;

E. Failing to control the conduct of its officers who have a known propensity for disobedience and in failing to discipline its officers;

F. Failing to investigate in good faith, allegations of abuse and failing to protect citizens in custody by its officers;

G. Failing to discipline its officers who improperly fail to protect and to provide safe conditions of confinement during custody of citizens;

H. Sanctioning, condoning, and approving a law enforcement-wide custom and practice of a code of silence, cover-up and dishonesty, and

I. Failing to provide an adequate medical screening examination to BRET BREUNIG.

120. Defendants FITE, DOES 1-10, inclusive, are liable to Plaintiff for said negligence pursuant to California Government Code § 820(a), amongst other provisions.

121. Defendant COUNTY is liable to Plaintiff for said negligence pursuant to California Government Code §§ 815.2(a), 815.4, 820(a), amongst other provisions.

122. As a direct and proximate result of the actions of Defendants, as complained of herein, BRET BREUNIG died, and Plaintiff has sustained substantial non-economic damages of pain and suffering and emotional distress resulting from the loss of the love, companionship, comfort, affection, society, attention, services, and moral support damages of this BRET BREUNIG in an amount according to proof at trial.



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

123.   As a direct and proximate result of the foregoing, Plaintiff has damages as recited above and demands and is entitled to, including, but not limited to, general, special and punitive damages (except as to Defendant COUNTY and Defendant LOMA LINDA for punitive damages), and any other relief allowable at law or in equity.

124.   In terms of Defendants LOMA LINDA and DOE HEALTH CARE PROFESSIONALS, Plaintiff only seeks damages based upon pre-911 call conduct in an amount according to proof at trial.

### TENTH CLAIM FOR RELIEF

### BANE ACT VIOLATION

### (Civil Code § 52.1)

### (Plaintiff Against all Defendants)

125.  Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

126.   The actions of all Defendants, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and/or coercion, the exercise or enjoyment by BRET BREUNIG the rights secured to him by the California Constitution and otherwise by California law, in violation of California Civil Code § 52.1. Specifically, Defendants failed to protect BRET BREUNIG while in custody, failed to provide medical care, and failed to provide safe conditions of confinement of BRET BREUNIG when said Defendants had a legal obligation to do so. Defendants violated BRET BREUNIG's freedom, independence, liberty, obtaining safety and happiness, and right to be free from an unreasonable seizure of his person.

127.   Defendants FITE, DOES 1-10, inclusive, are liable to Plaintiff for said violations of BRET BREUNIG's constitutional rights, pursuant to California Civil Code § 52.1, and California Government Code § 820(a),



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  amongst other provisions.

2      128.  Defendant COUNTY is liable to Plaintiff for said violations of

3  BRET BREUNIG's constitutional and statutory rights, pursuant to California

4  Civil Code § 52.1, and California Government Code §§ 815.2(a), 815.4, 820(a),

5  amongst other provisions.

6      129.  As a direct and proximate result of the actions of Defendants, as

7  complained of herein, BRET BREUNIG died, and Plaintiff has sustained

8  substantial non-economic damages of pain and suffering and emotional

9  distress resulting from the loss of the love, companionship, comfort,

10  affection, society, attention, services, and moral support damages of this

11  BRET BREUNIG in an amount according to proof at trial.

12      130.  As a direct and proximate result of the foregoing, Plaintiff has

13  damages as recited above and demands and is entitled to, including, but not

14  limited to, general, special, and punitive damages (except as to Defendant

15  COUNTY and Defendant LOMA LINDA for punitive damages), treble

16  compensatory damages, attorney's fees, and any other relief allowable at law

17  or in equity.

18      131.  In terms of Defendants LOMA LINDA and DOE HEALTH CARE

19  PROFESSIONALS, Plaintiff only seeks damages based upon pre-911 call

20  conduct in an amount according to proof at trial.

21                    **PRAYER FOR RELIEF**

22      **WHEREFORE**, Plaintiff requests entry of judgment in his favor and

23  against Defendants COUNTY, FITE, DOES 1-10 as follows:

24          A. For compensatory damages, for wrongful death including

25              damages for the loss of Decedent's life-long love, companionship,

26              comfort, care, assistance, protection, affection, society; moral

27              support; and the loss of relationship with Decedent, including

28              loss of society, familial relationship and companionship in an



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    amount according to proof at the time of trial;

2    B. For compensatory damages, for survival for the mental, physical

3    and emotional pain and suffering of Decedent in an amount

4    according to proof at the time of trial;

5    C. For damages for the loss of decedent's own life;

6    D. For punitive damages against the individual defendants in an

7    amount to be proven at trial;

8    E. For interest;

9    F. For costs;

10   G. For reasonable costs of this suit and attorneys' fees pursuant to

11   42 U.S.C. § 1988;

12   H. For attorneys' fees pursuant to Civil Code §§ 52, 52.1;

13   I. For civil penalties, including treble damages pursuant to Civil

14   Code §§ 52, 52.1; and

15   J. For such further other relief as the Court may deem just, proper,

16   and appropriate.

17   **WHEREFORE**, Plaintiff requests entry of judgment in his favor and

18   against Defendants LOMA LINDA, and DOE HEALTH CARE

19   PROFESSIONALS as follows:

20   A. For general damages for pre-911 call conduct, including but not

21   limited to physical, mental, and emotional pain and suffering,

22   special, hedonic, and compensatory damages in an amount to be

23   determined according to proof at trial;

24   B. For punitive damages against the individual defendants in an

25   amount to be proven at trial;

26   C. For interest;

27   D. For costs;

28   E. For attorneys' fees pursuant to Civil Code §§ 52, 52.1;



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

F. For penalties and all other remedies pursuant to 42 U.S.C. § 1395dd;

G. For civil penalties, including treble damages pursuant to Civil Code §§ 52, 52.1; and

H. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: December 1, 2022         **LAW OFFICES OF CHRISTIAN CONTRERAS**
                                **A PROFESSIONAL LAW CORPORATION**


By: _____
    Christian Contreras, Esq.
    Attorney for Plaintiff,
    KENNETH BREUNIG

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims for relief.

Dated: December 1, 2022         **LAW OFFICES OF CHRISTIAN CONTRERAS**
                                **A PROFESSIONAL LAW CORPORATION**


By: _____
    Christian Contreras, Esq.
    Attorney for Plaintiff,
    KENNETH BREUNIG



35

**PLAINTIFF'S COMPLAINT FOR DAMAGES**